UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-00200-RJC-DSC

| USA | ) | |
| --- | --- | --- |
| | ) | <u>ORDER</u> |
| vs. | ) | |
| | ) | |
| XAVIER TWANNE HARDIN | ) | |

**THIS MATTER** is before the Court upon motions of the defendant pro se for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, (Doc. Nos. 67, 68), the government's response, (Doc. No. 71), and related pleadings.

I.  BACKGROUND

The defendant pled guilty to conspiring to distribute and to possess with intent to distribute at least 280 grams of cocaine base, committed while he was on supervised release for federal drug trafficking and firearm offenses. (Doc. No. 54: Presentence Report (PSR) ¶ 39; Doc. No. 62: Judgment at 1). Based on rulings at the sentencing hearing, the Court departed from the advisory guideline range to the mandatory minimum sentence of 120 months' imprisonment. (Doc. No. 62: Judgment at 2; Doc. No. 63: Statement of Reasons at 1, 3). With good time credit, his projected release date is February 12, 2028. (Doc. No. 71: Response at 1).

The parties agree that the defendant sought a sentence reduction under § 3582(c)(1)(A) from the warden of his institution on April 23, 2020, which was

denied. (Doc. No. 68: Motion at 3; Doc. No. 79: Response at 7). Accordingly, this matter is ripe for decision.

## II. DISCUSSION

Ordinarily, a court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). Section § 3582(c)(1)(A)(i) provides an exception that allows a court to reduce a sentence, after consideration of the factors in § 3553(a), upon finding that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the Guidelines Manual contains the Commission's policy statement, promulgated under statutory authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t), USSG §1B1.13, comment. (backg'd). As the movant, the defendant bears the burden of proving his suitability for a § 3582 sentence reduction. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

### A. Dangerousness

One of the criteria to be applied is that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).[1]

---

[1] A determination of dangerousness takes into account:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

USSG §1B1.13(2), comment. (n.1). The defendant states that he has used the time in custody to complete programs, such as the nonresidential drug program.[2] (Doc. No. 67: Motion at 2). The government points to the defendant's repeated history of disciplinary infractions, which includes four episodes of using drugs and intoxicants. (Doc. No. 71-2: Disciplinary Record).

More significantly, the government argues the defendant would pose a danger to public safety if released. (Doc. No. 71 at 12). The defendant's criminal history began at age 17 with a conviction for communicating threats, which resulted in an active sentence when his probation was revoked. (Doc. No. 54: PSR ¶ 36). While he was on probation for another offense, he engaged in the conduct that led to his first federal convictions. (Case No. 3:11-cr-285, Doc. No. 22: PSR ¶ 34). That

---

 (2) the weight of the evidence against the person;

 (3) the history and characteristics of the person, including—
  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

 (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

[2] The focus of the defendant's motions is primarily the risk he faces from COVID-19, rather than his suitability for release. (Doc. Nos. 67, 68).

case involved drug trafficking affiliated with the United Blood Nation street gang. (Id. ¶ 5). After the defendant sold crack cocaine to a confidential informant on multiple occasions, authorities raided a house and found the defendant in a bathroom where he admittedly flushed crack cocaine. (Id. ¶¶ 6, 7). Police found a 9 mm pistol in the tank of the toilet. (Id. ¶ 7). On another occasion, the defendant threw down crack cocaine when police approached him on the street. (Id. ¶ 9). After the defendant served a sentence for that possession with intent to distribute cocaine base and possession of a firearm in furtherance of drug trafficking, he again sold crack cocaine and possessed a firearm, even though he was on supervised release. (Doc. No. 54: PSR ¶¶ 25, 41).

Considering information in the PSR relating to the factors in § 3142(g), the instant offense involved distribution of cocaine base to a confidential informant on two separate occasions and possession of a firearm. 18 U.S.C. § 3142(g)(1). The weight of the evidence against the defendant was strong, and he admitted his guilt. 18 U.S.C. § 3142(g)(2). His criminal history includes the dangerous offenses noted above, including threatening behavior and armed drug trafficking. 18 U.S.C. § 3142(g)(3)(A). Additionally, both of his federal cases involving drug trafficking and firearm possession occurred while he was on supervision for prior offenses. 18 U.S.C. § 3142(g)(3)(B). Thus, the danger to any other person or the community that would be posed by the defendant's release is serious. 18 U.S.C. § 3142(g)(4); United States v. Manigan, 592 F.3d 621, 630 (4th Cir. 2010) ("drugs and guns form at lethal combination that can lead to violence") (internal quotations and citations omitted).

The Court appreciates the defendant's efforts to rehabilitate himself through completing educational and substance abuse programs and the risk that COVID-19 poses to those in custody. However, the Court is not persuaded that the defendant would not pose a danger to the community upon his release because of his repeated history of committing serious offenses while on conditions of release. The defendant's release would be inconsistent with the Sentencing Commission's policy statement and inconsistent with the need for the sentence to protect the public from further crimes of the defendant; therefore, the Court will decline to exercise its discretion to reduce his sentence. 18 U.S.C. §§ 3553(a)(2)(C), 3582(c)(1)(A); USSG §1B1.13(2), (3), comment. (n.1).

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motions, (Doc. Nos. 67, 68), are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant and the United States Attorney.

Signed: August 13, 2020

Robert J. Conrad, Jr.
United States District Judge